UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**PATRICK JAY WYNN**                                                                 **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 1:23-CV-P87-JHM**

**RUSSELLVILLE RURAL POLICE DEPT.** *et al.*                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. The matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow others to proceed.

**I.**

Plaintiff Patrick Jay Wynn is incarcerated at the Logan County Detention Center (LCDC). He names the following as Defendants in this action – Russellville Rural Police Department (RRPD); Logan County Circuit Court; and RRPD Officers Seth Whittaker and Chase McCoy, whom Plaintiff sues in both their official and individual capacities.

Plaintiff alleges that he was arrested without a warrant on October 20, 2022, by Defendants Whittaker and McCoy "leading to the illegal search and seizure of Plaintiff." Plaintiff further alleges that Defendant Whittaker used unnecessary force during the illegal search and seizure by pushing Plaintiff from behind. Plaintiff also states that Defendant Whittaker's sworn testimony of the occurrences on October 20, 2022, is inconsistent with "his written citation, the pre-liminary hearing . . ., and Discovery of Indictment." Plaintiff further alleges that both he and the driver of the vehicle he was in on October 20, 2022, were arrested but that the driver was released and never charged. Finally, Plaintiff states that he has been incarcerated at Logan County Jail (LCJ) since

December 16, 2022, and has now been indicted in Case No. 22-CR-00374, but has not seen or had the chance to speak with appointed counsel, in violation of Plaintiff's right to due process.

As relief for these alleged violations of his rights, Plaintiff requests that his "charges be dismissed and expunged from [his] record." Because Plaintiff brought this action under § 1983, the Court broadly construes the complaint as also seeking damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural*

*Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Logan County Circuit Court**

A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment to the United States Constitution deprives a federal court of jurisdiction to entertain a suit against a state and its agencies. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Thus, Plaintiff's claims against the Logan County Circuit Court must dismissed for failure to state a claim upon which relief may be granted and as barred by the Eleventh Amendment. *See, e.g.*, *McKee v. Fayette Circuit Court*, No. 95-5011, 1995 U.S.

App. LEXIS 37119, at *4 (6th Cir. 1995) (claim against circuit court barred by Eleventh Amendment); *Cope v. Jeferson Cnty. Circuit Court*, No. 3:15CV-P254-TBR, 2015 U.S. Dist. LEXIS 122624, at *5-6 (W.D. Ky. Sept. 15, 2015) (dismissing claim against the Jefferson County Circuit Court Clerk's Office Bond Division because not a "person" subject to suit under § 1983 and barred by the Eleventh Amendment); *Benton v. City of Louisville Family Court Div.*, No. 3:14CV-263-S, 2014 U.S. Dist. LEXIS 114080 (W.D. Ky. Aug. 18, 2014) (dismissing claim against the "City of Louisville Family Court Div." as barred by the Eleventh Amendment); *Baltierra v. Fayette Circuit Court*, No. 5:13-398-DCR, 2013 U.S. Dist. LEXIS 177379, at *6 n.2 (E.D. Ky. Dec. 18, 2013) ("As a constitutional arm of government, the circuit courts are entitled to Eleventh Amendment immunity.").

### B. RRPD and Official-Capacity Claims

The Court construes Plaintiff's claims against the RRPD as being brought against the City of Russellville as the real party in interest because the RRPD is not an entity subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). Similarly, Plaintiff's official-capacity claims against RRPD Officers Whittaker and McCoy are also against the City of Russellville. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'").

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether

the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. Here, Plaintiff does not allege that he suffered any harm as a result of a custom or policy implemented or endorsed by the City of Russellville.

Thus, Plaintiff's claims against the RRPD and his official-capacity claims against Defendants Whittaker and McCoy must be dismissed for failure to state a claim upon which relief may be granted.

### C. Individual-Capacity Claims

#### 1. Unlawful Search & Seizure

At this time, <u>the Court will allow Fourth Amendment individual-capacity claims to proceed against Defendants Whittaker and McCoy for illegal search and seizure</u>. In allowing these claims to proceed, the Court makes no determination as to their merits or whether they are barred by the doctrine set forth in *Heck v. Humphries*, 512 U.S. 477 (1994), in which the Supreme Court held that a plaintiff may not raise claims in a § 1983 action if a judgment on the merits of those claims would affect the validity of his conviction and sentence unless the conviction and sentence had already been set aside. The Court additionally makes no determination as to whether a stay should be entered under in this case under *Wallace v. Kato*, 549 U.S. 384, 393 (2007).

#### 2. Excessive Force

The Court next turns to Plaintiff's allegation that Defendant Whittaker used excessive force when he pushed Plaintiff from behind during his search of Plaintiff's person. Fourth Amendment excessive-force claims are analyzed under an objective-reasonableness standard, which depends on the facts and circumstance of each case viewed from the perspective of a reasonable officer on

the scene. *Graham v. Connor*, 490 U.S. 386, 395-96 (1989). An officer making an investigative stop or arrest has "the right to use some degree of physical coercion or threat thereof to effect it." *Id*. at 396. "The question we must ask is whether, under the totality of the circumstances, the officer's actions were objectively reasonable." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 251 (6th Cir. 2010) (citing *Fox v. DeSoto*, 489 F.3d 227, 236-37 (6th Cir. 2007)). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham*, 490 U.S. at 396. The question whether force is excessive turns on the objective reasonableness of the officer's conduct under the circumstances. *Id*. at 397.

Here, Plaintiff does not provide sufficient factual information regarding the circumstances of his search and seizure for the Court to find that he has stated a claim under the above standard. Thus, Plaintiff's excessive-force claim against Defendant Whittaker must be dismissed for failure to state a claim upon which relief may be granted.

### 3. Equal Protection

The Court next turns to Plaintiff's allegation that the driver of his car was released from custody after being arrested but that Plaintiff was incarcerated and charged with various criminal offenses. The Court construes this as a Fourteenth Amendment equal-protection claim.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws[,]" which is essentially a direction that all persons similarly situated should be treated alike." U.S. Const. amend. XIV; *City of Cleburne v. Cleburne Living Ctr., et al.*, 473 U.S. 432, 439 (1985). Because the crux of an equal protection violation is the treatment of similarly situated people differently, "[a] plaintiff bringing an equal protection claim must be 'similarly situated' to a comparator in 'all relevant respects.'" *Tree of Life Christian Schools v. City of Upper Arlington*, 905 F.3d 357, 368 (6th Cir.

2018) (quoting *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015)). In other words, "the comparative [person] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the [decision-maker's] treatment of them for it.'" *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 460 (6th Cir. 2011) (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)).

Plaintiff suggests that because he and the driver of the car were both arrested, they were "similarly situated." However, the law requires that two comparators be similarly situated "in all relevant respects." Here, there are innumerable factors, including whether Plaintiff had previous criminal charges, or what evidence Defendants found on Plaintiff during their search of him, which could have led to the different treatment of Plaintiff and the driver. Thus, the Court finds that Plaintiff's equal-protection claim is simply too conclusory and must be dismissed for failure to claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

### 4. False Testimony

The Court next turns to Plaintiff's allegation that Defendant Whittaker's "sworn testimony" regarding Plaintiff's October 20, 2022, search and seizure is inconsistent with "his written citation, the pre-liminary hearing . . ., and Discovery of Indictment." Although not clear, the Court construes this allegation as a claim that Defendant Whittaker provided false testimony at some point in Plaintiff's criminal proceedings.

The United States Supreme Court stated in *Briscoe v. Lahue*, 460 U.S. 325, 343 (1983), that a police officer who gives false testimony at trial cannot be held liable for a § 1983 violation.

> Subjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties. Section 1983 lawsuits against police officer witnesses, like lawsuits against

7

> prosecutors, "could be expected with some frequency." Police officers testify in scores of cases every year and defendants often will transform resentment at being convicted into allegations of perjury by the state's official witnesses.

*Id*. at 343; *Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) ("'all witnesses -- police officers as well as lay witness -- are absolutely immune from civil liability based on their trial testimony in judicial proceedings." *Briscoe*, 460 U.S. at 328. A witness is entitled to testimonial immunity 'no matter how egregious or perjurious that testimony was alleged to have been.'").

Thus, because Defendant Whittaker is entitled to testimonial immunity for any testimony given in the course Plaintiff's criminal proceedings, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

### 5. No Contact with Counsel

Plaintiff also alleges that that since has been incarcerated, he has not seen or spoken with his appointed counsel even though he has been indicted in his criminal case. The Court finds that this Sixth Amendment claim must be dismissed as too vague and conclusory since Plaintiff does not allege who or what is preventing him from accessing his Court-appointed counsel or what prejudice he has suffered as a result.

### D. Injunctive Relief

Finally, the Court turns to Plaintiff's request for injunctive relief in the form of dismissal of his state-court criminal charges. "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008)). The State of Kentucky has an important interest in adjudicating Plaintiff's

criminal action, and Plaintiff has not articulated any reason to believe that the Kentucky state courts will not fully and fairly litigate his constitutional claims. If he is found guilty of the charges against him, he still has a number of state-court remedies available to him, including the Kentucky state appeals process. In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere in any ongoing Kentucky state-court criminal proceedings against Plaintiff.

Moreover, a challenge to the fact or duration of Plaintiff's confinement, such as to have his charges dismissed, would have to be brought as a petition for habeas corpus and is not cognizable in this civil-rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, Plaintiff's request for injunctive relief must also be dismissed for failure to state a claim upon which relief may be granted.

### IV.

For the foregoing reasons, **IT IS ORDERED** that **Plaintiff's claims against RRPD and the Logan County Circuit Court; his official-capacity claims against Defendants Whittaker and McCoy; his excessive force, equal protection, false testimony, and access to counsel claims; and his claim for injunctive relief are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.

The **Clerk of Court** is **DIRECTED** to **terminate the RRPD and Logan County Circuit Court as parties to this action.**

The Court will enter a separate Service and Scheduling Order to govern the development of Plaintiff's continuing claims.

Date: October 20, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants Whittaker and McCoy
City of Russellville
4414.011