UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:23CV-00087-JHM

PATRICK JAY WYNN                                                         PLAINTIFF

V.

SETH WHITTAKER, *et al.*                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendants Seth Whittaker and Chase McCoy to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). [DN 13]. Plaintiff filed a response [DN 18], and Defendants filed a reply [DN 19]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

Plaintiff Patrick Jay Wynn filed the instant *pro se* action under 42 U.S.C. § 1983. [DN 1]. Plaintiff alleges that he was arrested without a warrant on October 20, 2022, by Defendants Officers Seth Whittaker and Chase McCoy "leading to the illegal search and seizure of Plaintiff." The Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A and allowed Fourth Amendment individual-capacity claims to proceed against Defendants Whittaker and McCoy for illegal search and seizure. [DN 7]. Defendants have now filed a motion to dismiss arguing that since Plaintiff filed his complaint, he has entered a guilty plea to the charges associated with the incident alleged in the complaint and, as such, his claims are *Heck*-barred. [DN 13]; *see Heck v. Humphrey*, 512 U.S. 477 (1994).

## II. STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

In resolving motions to dismiss, a court may consider the well-pled factual allegations in the complaint, exhibits attached to or incorporated by reference into the complaint, matters of public record, and records of which the Court may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *J.M. by Evans v. Hatfield*, 596 F. Supp. 3d 796, 801 (W.D. Ky. 2022).

## III. DISCUSSION

Plaintiff's claims are barred by the principles set forth in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Heck*, the Supreme Court held that a state prisoner could not state a cognizable

claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner showed that the conviction or sentence had been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* (footnote omitted). "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. This principle holds true whether the plaintiff seeks damages or equitable relief. *Wilkerson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

After Plaintiff initiated this lawsuit, he pleaded guilty in Logan Circuit Court to some of the state criminal charges levied against him arising out of the events that occurred October 20, 2022. The Court takes judicial notice that in *Commonwealth v. Wynn*, No. 22-CR-00374, in the Logan Circuit Court, Plaintiff pleaded guilty to one count of resisting arrest, one count of trafficking in a controlled substance, and four counts of possession of a controlled substance. *See Commonwealth v. Wynn*, No. 22-CR-00374 (Logan Circuit Court). The Logan Circuit Court sentenced Plaintiff to a total of twelve years imprisonment.

Plaintiff's allegations about the illegal search and seizure of evidence calls into question the validity of his state criminal conviction and because Plaintiff's conviction has not been reversed on appeal or called into question in any of the ways articulated by *Heck*, he cannot proceed with this action. Specifically, Plaintiff claims that Defendants violated his Fourth Amendment

rights by conducting an unlawful search and seizure. The search in question led to discovery of the drugs and the resulting charges. In turn, Plaintiff pleaded guilty to the drug charges. "Courts have routinely found Fourth Amendment claims *Heck*-barred in similar circumstances where the seized evidence was essential to the plaintiff's conviction." *Maxwell v. Fields*, No. 1:23-CV-319, 2023 WL 8284236, at *2 (W.D. Mich. Nov. 3, 2023); *see also Holson v. Good*, 579 F. App'x 363, 365 (6th Cir. 2014) (applying *Heck* bar to Fourth Amendment claim challenging a search that produced evidence essential to plaintiff's state-court conviction). The appropriate place for Plaintiff to challenge the validity of his conviction is in the Kentucky state courts, including through an appeal. Bottom line, even if his claims here are meritorious, Plaintiff's claims are barred by *Heck* unless he gets his conviction overturned. *See McNeal v. Katenbach*, No. 5:22-CV-P102-JHM, 2023 WL 3443251, at *3 (W.D. Ky. May 12, 2023); *Johnson v. Piper*, No. 4:21-CV-00089-JHM, 2022 WL 9497271, at *2–3 (W.D. Ky. Oct. 14, 2022); *Reid v. Hopkins Cnty. Fiscal Ct.*, No. 4:21-CV-P14-JHM, 2021 WL 5435241, at *6 (W.D. Ky. Nov. 19, 2021); *Vick v. Shoemaker*, No. 4:19-CV-P188-JHM, 2020 WL 4450965, at *2 (W.D. Ky. Aug. 3, 2020). Accordingly, these claims will be dismissed for failure to state a claim.

## IV. CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss [DN 13] is **GRANTED**.

**IT IS FURTHER ORDERED** that all other motions currently pending are **DENIED as moot**.

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of Record
4414.014

June 4, 2024